IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERRY PADILLA,

        Petitioner,

vs.                                             Civil No. 05-1277 WJ/RHS

JOE ROMERO, Warden, et al.,

        Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court on Respondent's[1] Motion to Dismiss with Prejudice ("Motion to Dismiss"), filed February 8, 2006 **[Doc. 11]**. Petitioner Terry Padilla, who is incarcerated and proceeding *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody ("Petition") **[Doc. 1]** on December 7, 2005. Having considered the parties' submissions, the relevant law and being otherwise fully advised in the premises, the Court recommends that Respondent's Motion to Dismiss be **granted** in part and **denied** in part.

    2. On October 18, 2004, following a guilty plea, Petitioner was convicted of the offenses of "[Count 1] Driving Under The Influence of Intoxicating Liquor or Drugs ["DWI"], a 3rd degree felony, contrary to NMSA 1978, § 66-08-102 . . . [and Count 2] Driving While License Is

---

[1] Although the Assistant Attorney General indicates that she represents both Respondent Romero and Respondent Attorney General of the State of New Mexico (Motion to Dismiss at 3 ("Attorneys for Respondents")) it is not clear which of the Respondents submitted the Motion to Dismiss (id. at 1, 2 (stating "[c]omes now *Respondent*," and "as stated more fully in *Respondent's* memorandum" (emphasis added))).

Suspended or Revoked, a misdemeanor, contrary to NMSA 1978, § 66-05-39."[2]  (Judgment, Sentence, and Commitment to the Corrections Department ("Judgment") at 1, Ex. A, attached to Answer[3] **[Doc. 12]**).  The San Juan County District Court further found that "this is at least a tenth DWI conviction based on" Petitioner's nine prior DWI convictions that occurred from 1988 to 2000.  (Judgment at 1-3, Ex. A).  Petitioner was sentenced to "a total term of incarceration of four (4) years [less 1 day], followed by two (2) years of parole."[4]  (Judgment at 3 ¶3, Ex. A).

3.  Petitioner did not directly appeal his convictions.  On September 22, 2005, Petitioner filed a petition for writ of habeas corpus in New Mexico state district court.  (Ex. B).  This petition was summarily denied on October 4, 2005.  (Order Dismissing Petition for Writ of Habeas Corpus, Ex. C).  Petitioner filed a petition for a writ of certiorari with the Supreme Court of the State of New Mexico ("NMSC") on October 24, 2005.  (Petition for Writ of Certiorari to the 11th District Court of New Mexico, Ex. D).  The NMSC summarily denied that petition on November 4, 2005.  (Order, Ex. E).  Petitioner filed his federal petition in this Court on December 7, 2005.[5]  (Petition).

4.  In order for a federal court to grant relief to a petitioner in state custody seeking a writ of habeas corpus, the state adjudication must have "resulted in a decision that was contrary to, or

---

[2]These crimes "occurred on or about June 24, 2004."  (Judgment at 1, Ex. A).

[3]All exhibits referenced in these proposed findings and recommended disposition ("PFRD") are attached to Respondent's Answer, unless otherwise indicated.

[4]Petitioner was sentenced to serve three (3) years of confinement on Count 1 and 364 days of confinement on Count 2.  (Judgment at 3 ¶¶1,2, Ex. A).

[5]Petitioner declared that his federal petition was executed on December 5, 2005.  (Petition at 13).

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In the context of summary state court decisions, this Court "owe[s] deference to the state court's result." Paine v. Massie, 339 F.3d 1194, 1198 (10th Cir. 2003); Aycox v. Lytle, 196 F.3d 1174, 1177-78 (10th Cir. 1999).

5. In his Petition, Mr. Padilla raises two claims: (1) his judgment and sentence were illegal because the state used DWI convictions prior to 1994 (in finding Petitioner guilty of third degree felony DWI), and thus, violated the ex post facto clause; and (2) he received ineffective assistance of counsel because his attorney failed to investigate the laws and failed to file an appeal. Respondent argues that Mr. Padilla's Petition should be dismissed because it fails to allege sufficient facts to establish a basis for habeas corpus relief.

*Claim 1 -- Illegal Judgment and Sentence*

6. On October 18, 2004, Petitioner was convicted "pursuant to a guilty plea" of third degree felony DWI, contrary to § 66-08-102. (Judgment, Ex. A).[6] Petitioner apparently contends that his conviction and sentence under this statute violates the ex post facto clause because "the legislature created a new fourth degree felony DWI law in 1994[,] . . . . [and] only convictions which occurred after 1994 may be used as prior convictions . . . ." (Ex. B at 2, attached to Petition).

7. "Article I, § 10, of the Federal Constitution provides that [n]o State shall . . . pass any . . . ex post facto Law." Lynce v. Mathis, 519 U.S. 433, 441 (1997). The ex post facto clause applies when a law retrospectively alters the definition of criminal conduct or increases the

---

[6]The statute further provides that "[u]pon a seventh or subsequent [DWI] conviction pursuant to this section, an offender is guilty of a third degree felony and . . . shall be sentenced to a term of imprisonment of three years . . . ." § 66-08-102(J).

3

punishment for the crime. See id. (citations omitted).

8. Despite Petitioner's apparent argument to the contrary, nothing in § 66-08-102 prohibits the consideration of DWI convictions prior to 1994.[7] Moreover, approximately one month before Petitioner entered into his guilty plea, the NMSC held that § 66-08-102, as amended in 2003, created the felony crimes of fifth, sixth and seventh DWI and was valid at the time that Petitioner committed his crimes. State v. Smith, 2004-NMSC-032, 136 N.M. 372, 98 P.3d 1022.[8] Accordingly, the Court finds that Petitioner's claim that his sentence was imposed in violation of the ex post facto clause is without merit and should be dismissed.

*Claim 2 – Ineffective assistance of counsel*

9. Petitioner contends that his attorney was ineffective because he failed to investigate or research the law and failed to file an appeal. In order for Petitioner to prevail on his claim that he received ineffective assistance of counsel, he must satisfy a two-part test. See Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998). First, he must show that "counsel's representation fell below an objective standard of reasonableness." Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). To demonstrate that his attorney's performance fell below this standard, Petitioner must overcome the "strong

---

[7] While New Mexico's general habitual offender statute describes a "prior felony conviction" as one where "less than ten years have passed prior to the instant felony," it specifically provides that this definition does *not* apply to "a conviction for a felony pursuant to the provisions of Section 66-8-102 NMSA." § 31018-17(D)(1); State v. Shay 94 P.3d 8, 10 (N.M. Ct. App. 2004) (explaining that the legislature limited the definition of "prior felony conviction" to the habitual offender statute).

[8] See, e.g., Ramirez v. Romero, No. 06-2023, Order (10th Cir. (D.N.M.) Oct. 5, 2006) (denying a request for a certificate of appealability based on similar claims and noting that petitioner's claims "are all based on a gross misreading of the record in this case and the law in New Mexico") (http://www.kscourts.org/ca10/cases/2006/10/06-2023.htm) (unpublished).

presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

10. Second, even if Petitioner is able to satisfy the first prong of this test, he will not be entitled to relief unless he is also able to demonstrate that his counsel's performance prejudiced him, that is, "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Petitioner's mere assertions that he would have opted for trial are not enough to satisfy the prejudice prong.

11. Petitioner's allegation that counsel failed to investigate or research the law appears to be based on the contention that his sentence was illegally imposed for the reasons discussed in Claim One. However, because Petitioner's underlying argument in Claim One has no merit, counsel's failure to investigate such a claim is not unreasonable.[9] Even assuming that counsel's performance was deficient, Petitioner fails to show that he has been prejudiced by such conduct.

12. Petitioner has not demonstrated that any additional investigation or research would have led counsel to change his recommendation as to Petitioner's plea. See Hill, 474 U.S. at 370 (explaining that "where the alleged error of counsel is a failure to investigate . . . the determination whether the error "prejudiced" the defendant . . . will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea").[10] Petitioner has not shown a reasonable probability that, but for his counsel's failure to

---

[9]Counsel is not ineffective for omitting an issue on appeal that is determined to be lacking in merit. See United States v. Cook, 45 F.3d 388, 393 (10th Cir.1995); United States v. Dixon, 1 F.3d 1080, 1083 n.5 (10th Cir. 1991), abrogated on other grounds by, Florida v. White, 526 U.S. 559 (1999).

[10]The record indicates that had Petitioner rejected the plea, he potentially faced additional charges at trial. (Judgment at 1, Ex. A (noting that "Counts 3 and 4 . . . [have] been dismissed in

investigate, he would have rejected the plea offer and insisted on going to trial.  Accordingly, Petitioner's claim of ineffective assistance of counsel based on his attorney's failure to investigate or research the law fails.

13.  However, Petitioner's allegation that his counsel was ineffective for failing to file an appeal is not so easily dismissed.  Petitioner contends that his counsel was ineffective, at least in part, because he refused to file an appeal, despite Petitioner's request that he do so.  (Ex. C at unnumbered p. 3, attached to Petition (alleging that "Petitioner requested that [his counsel] George Harrison . . . file an appeal")).  Assuming both the truth of Petitioner's allegation and that Petitioner was entitled to an appeal, "counsel's deficient performance deprived [Petitioner] . . . of the appellate proceeding altogether."  Roe v. Flores-Ortega, 528 U.S. 470, 483 (2000).

14.  Respondent acknowledged that Petitioner's counsel "deci[ded] not to appeal Petitioner's sentence[,]" but apparently contends that such a decision was reasonable.  (Memorandum in Support of Motion to Dismiss ("Memo") at 3 **[Doc. 13]**).  However, an attorney who frustrates the defendant's appellate rights by refusing to carry out his client's direct request to file an appeal does not act reasonably.  See Roe, 528 U.S. at 486 (explaining that in order to show deficient performance of counsel, "a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal").

15.  Respondent's argument that Petitioner was not prejudiced because he "failed to establish that an appeal of his sentence would have been successful" is also without merit.  (Memo at 3).  Assuming that Petitioner's counsel acted unreasonably in refusing to file an appeal, Petitioner need not specify the grounds for his appeal nor demonstrate their merit.  Roe, 528 U.S.

---

accordance with the Plea and Disposition Agreement")).

at 486 (concluding that "it is unfair to *require* an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit . . . ." ) (emphasis in original); see also Rodriguez v. United States, 395 U.S. 327, 330 (1969) (rejecting a requirement that a would-be appellant "specify the points he would raise were the right to appeal reinstated").

16.  In this case, Petitioner was convicted pursuant to a guilty plea, which generally "reduces the scope of potentially appealable issues and . . . may indicate that a defendant seeks an end to judicial proceedings." Roe, 528 U.S. at 480.  However, nothing in the record provided to the Court enables me to determine whether, in pleading guilty, Petitioner waived any of his rights to appeal.[11]  Consequently, the Court concludes that Respondent's Motion to Dismiss Petitioner's claim of ineffective assistance of counsel based on counsel's refusal to file an appeal should be denied without prejudice.

## Conclusion and Recommendation

The Court finds Respondent's Motion to Dismiss is well-taken in part.  Accordingly, the Court recommends that Respondent's Motion to Dismiss with Prejudice **[Doc. 11]** be GRANTED IN PART and the following claims dismissed:

(a) Petitioner's Claim One that his judgment and sentence is illegal because the state court improperly used his prior DWI convictions, and

(b) Petitioner's Claim Two that his counsel was ineffective for failing to investigate or

---

[11]Unlike the courts in Ramirez v. Romero, Magistrate Judge's Proposed Findings and Recommended Disposition **[Doc. 20]**, Civ. No. 05-768 JH/ACT (D.N.M. Dec. 20, 2005) (unpublished) or Alcantara v. United States, 2003 WL 102873 (S.D.N.Y. Jan. 10, 2003) (not reported in the Federal Reporter), this Court was not provided with a copy of a plea agreement, transcripts of plea and sentencing hearings, or any other materials indicating whether Petitioner expressly waived or reserved his appeal rights.

research the law with respect to the use of Petitioner's prior DWI convictions.

The Court further recommends that Respondent's Motion to Dismiss with Prejudice **[Doc. 11]** be DENIED IN PART without prejudice and the following claim not be dismissed:

(c) Petitioner's claim that his counsel was ineffective due to counsel's refusal to file an appeal.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE