# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TERRY PADILLA,

       Petitioner,

vs.                                           Civil No. 05-1277 WJ/RHS

JOE ROMERO, Warden, et al.,

       Respondents.

## MAGISTRATE JUDGE'S AMENDED
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    1.  THIS MATTER comes before the Court on consideration of Respondents' Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition ("Objections"), filed October 23, 2006 **[Doc. 16]**.  Respondents object to paragraphs 13 and 16 of the proposed findings and recommended disposition ("PFRD") that were filed on October 12, 2006 **[Doc. 15]**.  Specifically, Respondents object to my recommendation that Petitioner's ineffective assistance claim due to counsel's refusal to file an appeal not be dismissed.[1]  Respondents do not object to the remainder of the PFRD.

    2.  The Court has considered Respondents' Objections together with the Plea Agreement and finds that Respondents' objections have merit.  Respondents contend that "[i]n light of Petitioner's waiver of his right to appeal as a term of the Plea and Disposition Agreement, Petitioner has failed to establish that his counsel failed to file an appeal to which Petitioner was entitled." (Objections at 2 ¶ 5).  The Court agrees.  Accordingly, the Court enters these amended

---

[1] Respondents also submitted a copy of a Plea and Disposition Agreement ("Plea Agreement"), signed by Petitioner and filed in state district court on October 18, 2004.  (Ex. A, attached to Objections).

proposed findings and recommends that Petitioner's claim of ineffective assistance based on counsel's failure to file an appeal be dismissed.

  3.  In his Plea Agreement, Petitioner expressly "waive[d] the right to appeal the conviction that results from the entry of this plea agreement."  (Plea Agreement ¶ 5).  Based on Petitioner's waiver of his right to an appeal, he is "precluded from asserting an ineffective assistance claim based on counsel's failure to file a notice of appeal."  Alcantara v. United States, 2003 WL 102873 (S.D.N.Y. Jan. 10, 2003) (not reported in the Federal Reporter); see also Ramirez v. Romero, Magistrate Judge's Proposed Findings and Recommended Disposition **[Doc. 20]**, Civ. No. 05-768 JH/ACT (D.N.M. Dec. 20, 2005) (unpublished) (finding it "disingenuous for [petitioner] to argue that his appointed counsel was ineffective for failing to file an appeal since he waived that right").[2]  Moreover, because Petitioner waived his right to an appeal, he cannot establish that he was prejudiced by such ineffectiveness.  See Lopez v. United States, No. 01 Civ. 7398, 2002 WL 1471540, at *3 (E.D.N.Y. May 15, 2002).  Accordingly, the Court finds that Petitioner's claim of ineffective assistance based on counsel's failure to file an appeal is without merit and should be dismissed.

### Conclusion and Recommendation

The Court finds that Respondents' Motion to Dismiss with Prejudice **[Doc. 11]** is well-taken and recommends that it be **granted**, that Petitioner's application for a writ of habeas corpus **[Doc. 1]** be **denied**, that this civil proceeding be **dismissed** with prejudice and that any pending motions be **denied** as moot.

---

[2]The Tenth Circuit denied petitioner Ramirez' request for a certificate of appealability. Ramirez v. Romero, No. 06-2023, Order (10th Cir. (D.N.M.) Oct. 5, 2006) (http://www.kscourts.org/ca10/cases/2006/10/06-2023.htm) (unpublished).

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 29 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE